MISTY A. MURRAY (SBN 196870)
mmurray@hinshawlaw.com
CHAKAMEH GANJI (SBN 311720)
cganji@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:   213-680-2800
Facsimile:   213-614-7399

PETER J. FELSENFELD (SBN 260433)
pfelsenfeld@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070

Attorneys for Plaintiff-in-Interpleader
Metropolitan Life Insurance Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>  Plaintiff-in-Interpleader,<br><br>  vs.<br><br>DOROTHY CRIVELLO, an individual and ROBERT CRIVELLO, an individual,<br><br>  Defendants-in-Interpleader. | Case No. _____<br><br>**PLAINTIFF-IN-INTERPLEADER METROPOLITAN LIFE INSURANCE COMPANY'S COMPLAINT-IN-INTERPLEADER** |

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

COMPLAINT-IN-INTERPLEADER
Case No. _____

Plaintiff-in-Interpleader Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, hereby files its Complaint-in-Interpleader and alleges as follows:

## PARTIES

1. MetLife is, and at all relevant times was, a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. It is licensed to do business in the State of California.

2. MetLife is informed and believes and on that basis alleges that Defendant-in-Interpleader Dorothy Crivello ("Dorothy")[1] is the surviving spouse of the now-deceased John A. Crivello ("Decedent") and is a citizen of the State of California and resident of Monterey, California.

3. MetLife is informed and believes and on that basis alleges that Defendant-in-Interpleader Robert Crivello ("Robert") is the surviving brother of the Decedent and is a citizen of the State of California and resident of Carmel, California.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 29 U.S.C. § 1132 (e)(1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure, and subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff-in-Interpleader, on the one hand, and Defendants-in-Interpleader, on the other hand.

5. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(1) as all Defendants-in-Interpleader reside in this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

---

[1] MetLife refers to Defendants-in-Interpleader by their first names because they share the same last name. No disrespect is intended.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

# FACTUAL BACKGROUND

6. Decedent, a retired employee of MetLife, was a participant in the Metropolitan Life and Affiliated Companies Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by MetLife. MetLife issued the group life insurance policy, no. 35040-G, which funded certain life insurance benefits of the Plan. A true and correct copy of the Group Certificate of Insurance ("Group Certificate") is attached hereto as **Exhibit A**, and a true and correct copy of the Summary Plan Description ("SPD") is attached hereto as **Exhibit B**. The Group Certificate and SPD constitute the Plan documents.

7. The Group Certificate provides, in relevant part, as follows regarding designating a beneficiary:

> **A. Your Beneficiary**
>
> The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death.
>
> You make your choice in writing on a form approved by us. This form must be filed with the records for This Plan.

*See* Exhibit A, page 16.

The Group Certificate provides as follows if there is no Beneficiary at the time of the participant's death:

> **D. No Beneficiary at Your Death**
>
> If there is no Beneficiary at your death for any amount of benefits payable because of your death, that amount will be divided an paid in equal shares to each member of the first class in the order listed below in which there is a person who is related to you and who survives you:
>
> 1. Spouse, Civil Union Partner or Domestic Partner;
> 2. child;
> 3. parent;
> 4. brother and sister.
>
> If there is no surviving relative in any class, that amount will be payable to your estate.
>
> Any payment will discharge our liability for the amount so paid.

*See* Exhibit A, page 17.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

2

COMPLAINT-IN-INTERPLEADER
Case No. _____

8. As of the date of his death, Decedent had the following basic life insurance coverage under the Plan: (1) $50,000 in basic life and (2) $38,000 in DEFRA excess (collectively, the "Plan Benefits").

9. MetLife, as claims fiduciary, must administer claims in accordance with ERISA and the Plan documents and instruments governing the Plan. 29 U.S.C. § 1104(a)(1)(D).

10. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

11. On December 18, 2016, Decedent died in Monterey, California.

12. The latest beneficiary designation on file was dated May 21, 1957 and names Robert as sole beneficiary (the "1957 Beneficiary Designation"). However, the 1957 Beneficiary Designation had Robert's name crossed out with the words "SEE OVER" typed in. On the back of the 1957 Beneficiary Designation, additional language was crossed out and replaced with the following typed in: "BENE: See Group Life Insurance Beneficiary designation I&R 14G-1 dated June 7, 1974 attached to 246 folder. Gm 8/12/74." A true and correct copy of the 1957 Beneficiary Designation is attached hereto as **Exhibit C**.

13. On or about June 7, 1974, Decedent completed an Absolute Assignment of Group Life Insurance Under the Metropolitan Insurance and Retirement Program, whereby he assigned to Dorothy his ownership, rights and interest in his group life insurance with MetLife ("Absolute Assignment"). A true and correct copy of Decedent's June 7, 1974 Absolute Assignment is attached hereto as **Exhibit D**.

14. The Absolute Assignment did not have a beneficiary designation attached and did not contain language revoking all prior beneficiary designations.

15. MetLife has verified that the 1957 Beneficiary Designation is the only beneficiary designation submitted by Decedent in its records. MetLife has further verified that it does not have a beneficiary designation form I&R 14G-1 dated June 7, 1974 in its records as referenced on the interlineated 1957 Beneficiary Designation. MetLife only has the Absolute Assignment, which is dated June 7, 1974 and which is form I&R 117 GL. Additionally, MetLife was not able

3

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

COMPLAINT-IN-INTERPLEADER
Case No. _____

to determine whether Decedent himself had crossed out Robert's name on the 1957 Beneficiary Designation or whether the interlineation was by a record keeper. Thus, it is unclear to MetLife whether the 1957 Beneficiary Designation is valid.

16. Because no beneficiary designation was attached to the Absolute Assignment and because the validity of the 1957 Beneficiary Designation was unclear, it was not known whether a Beneficiary had been properly designated at the time of Decedent's death. If there was no valid designation, based on the Plan's beneficiary line of succession, the Plan Benefits would be payable to Decedent's spouse, Dorothy. *See* Exhibits A, page 17.

17. On or about June 7, 2017, by and through her Power of Attorney ("POA"), Dorothy submitted her claimant's statement for the Plan Benefits. A true and correct copy of Dorothy's claimant's statement and enclosed documents for the Plan Benefits is attached hereto as **Exhibit E**.

18. By letter dated August 2, 2017, MetLife advised Dorothy, through her POA, and Robert of the issues that raised questions of fact and law, which MetLife could not resolve without exposing itself and the Plan to the danger of double liability. In its letter, MetLife gave Robert and Dorothy an opportunity to come to an agreement as to the distribution of benefits in order to preserve the Plan Benefits from litigation costs and fees. A true and correct copy of MetLife's August 2, 2017 letter to Dorothy and Robert is attached hereto as **Exhibit F**.

19. On or about August 9, 2017, Robert wrote to MetLife renouncing any of his potential rights to the Plan Benefits and advising that he "would like to appoint [Dorothy] as the beneficiary for this plan." A true and correct copy of Robert's August 9, 2017 letter to MetLife is attached hereto as **Exhibit G**.

20. On or about August 9, 2017, Dorothy's POA wrote to MetLife advising MetLife that the parties were in agreement that Dorothy would be the beneficiary of the Plan Benefits. A true and correct copy of the August 9, 2017 letter to MetLife is attached hereto as **Exhibit H**.

21. On or about September 11, 2017, MetLife wrote to Dorothy and Robert providing a general release agreement for execution. A true and correct copy of MetLife's September 11, 2017 letter to Dorothy and Robert without the enclosed release is attached hereto as **Exhibit I**.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

4

COMPLAINT-IN-INTERPLEADER
Case No. _____

22. On or about October 24, 2017, attorney Krista M. Ostoich wrote to MetLife on behalf of Robert. In her letter, Attorney Ostoich advised that unless MetLife had evidence that Decedent changed the beneficiary of the Plan Benefits from Robert to Dorothy, Robert would aggressively act to obtain the Plan Benefits. A true and correct copy of Attorney Ostoich's October 24, 2017 letter to MetLife is attached hereto as **Exhibit J**.

23. On or about January 10, 2018, Attorney Ostoich wrote to MetLife, with copy to Dorothy, advising MetLife that the parties had agreed to split the benefits 50% to Dorothy and 50% to Robert. In her letter, Attorney Ostoich requested MetLife prepare and forward the appropriate releases to be executed by the parties. A true and correct copy of Attorney Ostoich's January 10, 2018 letter to MetLife is attached hereto as **Exhibit K**.

24. By letters dated January 26, 2018, MetLife acknowledged correspondence regarding the parties' agreement and enclosed a general release agreement for Robert and Dorothy to complete. A true and correct copy of MetLife's January 26, 2018 letters to Dorothy and Attorney Ostoich without the enclosed release are attached hereto as **Exhibit L**.

25. On or about February 21, 2018, MetLife wrote to Dorothy and Attorney Ostoich to clarify the benefits due, as prior correspondence had inadvertently contained information that was not correct. In its letter, MetLife clarified Decedent's basic life insurance coverage under the Plan, which was the subject of the parties' dispute, (i.e., the Plan Benefits – $50,000 in basic life and $38,000 in DEFRA excess). MetLife also enclosed a revised release reflecting the parties' agreement as set forth in Attorney Ostoich's January 10, 2018 letter. A true and correct copy of MetLife's February 21, 2018 letter to Dorothy and Attorney Ostoich without the enclosed release is attached hereto as **Exhibit M**.

26. By letters dated April 3 and May 11, 2018, MetLife requested an update regarding the releases MetLife had provided on February 21 April 3, 2018.

27. On or about June 14, 2018, Attorney Ostoich advised MetLife that the parties could not reach an agreement.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

5

COMPLAINT-IN-INTERPLEADER
Case No. _____

## CLAIM FOR RELIEF IN INTERPLEADER

### (Against All Defendants-in-Interpleader)

28. MetLife incorporates by reference paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. Due to the competing claims, MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself and the Plan to multiple liabilities.

30. The Absolute Assignment does not have a beneficiary designation attached and does not revoke previous beneficiary designations, and the only beneficiary designation on file, the 1957 Beneficiary Designation, has Robert's name crossed out.

31. MetLife cannot determine whether a court would find the 1957 Beneficiary Designation valid or not. If a court finds the 1957 Beneficiary Designation valid, then the Plan Benefits would be payable to Robert.

32. If a court finds the 1957 Beneficiary Designation is not valid, then the Plan Benefits would be payable to Dorothy, as Decedent's surviving spouse, pursuant to the Plan's beneficiary line of succession when no Beneficiary is designated. *See* Exhibit A, page 17.

33. MetLife files this interpleader complaint in good faith and without any collusion with any parties hereto. As a mere stakeholder, MetLife makes no claim to the Plan Benefits other than payment of its reasonable attorneys' fees and costs in connection with this action. MetLife has incurred, and will continue to incur, attorneys' fees and costs in connection with this interpleader action.

34. MetLife respectfully requests that this Court determine to whom the Plan Benefits should be paid.

35. MetLife is ready, able and willing to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant(s)-in-Interpleader the Court shall designate.

36. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with any orders and/or judgment of this Court.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

6

COMPLAINT-IN-INTERPLEADER
Case No. _____

# PRAYER FOR RELIEF

WHEREFORE, MetLife prays for judgment against Defendants-in-Interpleader, and each of them, as follows:

1. That the Defendants-in-Interpleader, and each of them, be required to interplead and litigate among themselves their claims to the Plan Benefits;

2. That the Court enter an order restraining Defendants-in-Interpleader, and each of them, from instituting or further prosecuting any other proceeding in any court against MetLife and/or its agents with respect to the Plan and any benefits due thereunder, including the Plan Benefits;

3. That this Court enter an order setting forth the proper recipients of the Plan Benefits;

4. That MetLife be discharged of all liability with respect to the Plan and any benefits due thereunder, including the Plan Benefits, and be dismissed from the action with prejudice;

5. That MetLife be awarded its costs and reasonable attorneys' fees to be determined by the Court and paid out of the Plan Benefits; and

6. For such other and further relief as the Court deems reasonable and just under the circumstances.

DATED:   April 22, 2019                HINSHAW & CULBERTSON LLP

                                       By: */s/ Chakameh Ganji*
                                           MISTY A. MURRAY
                                           PETER J. FELSENFELD
                                           CHAKAMEH GANJI
                                           Attorneys for Plaintiff-in-Interpleader
                                           Metropolitan Life Insurance Company

**HINSHAW & CULBERTSON LLP**
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

7

COMPLAINT-IN-INTERPLEADER
Case No. _____